IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFF ARTHURS,                                          3:13-cv-00817-MA

               Plaintiff,                     OPINION AND ORDER

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

              Defendant.


MERRILL SCHNEIDER
Schneider Kerr & Gibney Law Offices
P.O. Box 14490
Portland, Oregon 97293

      Attorneys for Plaintiff

S. AMANDA MARSHALL
United States Attorney
RONALD K. SILVER
Assistant United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

LARS J. NELSON
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

      Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge.

Plaintiff, Jeff Arthurs, brings this action for judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). See 42 U.S.C. §§ 401-434. This court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, I affirm the final decision of the Commissioner.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for DIB on June 29, 2009, alleging disability beginning June 15, 2008, caused by back pain and associated arm and shoulder limitations. Tr. 173. Plaintiff's claim was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on February 25, 2011, at which Plaintiff testified and was represented by counsel. Tr. 35-48. Joselyn E. Bailey, M.D., reviewed the medical record and testified at the hearing. Tr. 48-51. In addition, vocational expert Nancy Bloom was present throughout the hearing and testified. Tr. 52-57.

On March 24, 2011, the ALJ issued a decision denying Plaintiff's application. Tr. 20-27. The Appeals Council declined review and Plaintiff timely appealed to this court. Tr. 1-3.

///

///

2 - OPINION AND ORDER

## FACTUAL BACKGROUND

Born on April 12, 1956, Plaintiff was 52 years old on the alleged onset date of disability and 54 years old on the date of the hearing. Tr. 169. Plaintiff has a high school equivalency and past relevant work as a Machinist, Printer Repair Technician and Office Equipment Repairer, Assembly Worker, Maintenance Worker, Welder and Fabricator, and R.V. Repairer. Tr. 26, 178.

In addition to his hearing testimony, Plaintiff submitted an Adult Function Report, a Pain and Fatigue Questionnaire, and a Work History Report. Tr. 180-97. Amy Henninger, M.D., Plaintiff's primary care provider, submitted an opinion and Physical Residual Functional Capacity Assessment. Tr. 316-20. Neal E. Berner, M.D., reviewed the medical record and submitted a Physical Residual Functional Capacity Assessment. Tr. 286-93.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Each step is potentially dispositive. The claimant bears the burden of proof at Steps One through Four. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner at Step Five to show that a significant number of jobs exist in the national

economy that the claimant can perform.  See Yuckert, 482 U.S. at 141-42; Tackett, 180 F.3d at 1098.

At Step One, the ALJ determined that Plaintiff engaged in substantial gainful activity between the alleged onset date, June 15, 2008, and his date last insured, December 31, 2013, but that such work constituted an unsuccessful work attempt despite no evidence of special work accommodations, frequent absences, or unsatisfactory work.  See 20 C.F.R. §§ 404.1520(b), 404.1571 et seq.; Tr. 22.

At Step Two, the ALJ determined that Plaintiff's back pain was a severe impairment.  See 20 C.F.R. § 404.1520(c); Tr. 22.

At Step Three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment.  See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526; Tr. 23.

The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), except that Plaintiff is further limited in that he can only lift 20 pounds occasionally and 10 pounds frequently; push or pull up to 20 pounds, but for not more than five minutes at one time; walk on a level surface for approximately two blocks at one time; stand for 30 minutes at one time, with an allowance for some shuffling; sit for 45 minutes at one time; and climb six stair-steps using a handrail.  In addition, the ALJ found Plaintiff has

4 - OPINION AND ORDER

complete loss of hearing in his left ear, but fully functional hearing in his right ear; a slight impairment in short-term memory; and a moderate impairment of his ability to maintain focus and attention on account of interruption by pain.  Tr. 23-26.

At Step Four, the ALJ found that Plaintiff is capable of performing his past relevant work as a Printer Repair Technician and Office Equipment Repairer as it was actually performed and as is generally performed in the national economy.  See 20 C.F.R. § 404.1565; Tr. 26.

Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act.

## ISSUES ON REVIEW

Plaintiff raises four issues on appeal.  First, Plaintiff argues the ALJ improperly discredited his testimony.  Second, Plaintiff maintains the ALJ improperly rejected Dr. Henninger's opinion.  Third, Plaintiff asserts the ALJ's RFC findings did not prescribe sufficiently specific limitations as to Plaintiff's walking and standing limitations, hearing loss, or memory and attention limitations.  Finally, Plaintiff argues the ALJ made erroneous findings at Step Four by concluding that Plaintiff could perform past relevant work as actually and generally performed.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are

5 - OPINION AND ORDER

supported by substantial evidence in the record.   42 U.S.C. §

405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

"Substantial evidence means more than a mere scintilla but less

than a preponderance; it is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Andrews,

53 F.3d at 1039.   The court must weigh all of the evidence, whether

it supports or detracts from the Commissioner's decision. Martinez

v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).   If the evidence is

susceptible  to  more  than  one  rational  interpretation,  the

Commissioner's  decision  must  be  upheld.   Andrews,  53  F.3d  at

1039-40.   If the evidence supports the Commissioner's conclusion,

the Commissioner must be affirmed; "the court may not substitute

its judgment for that of the Commissioner." Edlund v. Massanari,

253 F.3d 1152, 1156 (9th Cir. 2001).

## DISCUSSION

### I.   Plaintiff's Testimony

In deciding whether to accept subjective symptom testimony, an

ALJ must perform two stages of analysis.   20 C.F.R. § 404.1529.

First, the claimant must produce objective medical evidence of an

underlying impairment that could reasonably be expected to produce

the symptoms alleged.  Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th

Cir. 1996).   Second, absent a finding of malingering, the ALJ can

reject the claimant's testimony about the severity of his symptoms

only by offering specific, clear, and convincing reasons for doing so. Id. at 1281.

If an ALJ finds that the claimant's testimony regarding his subjective symptoms is unreliable, the "ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive." Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). In doing so, the ALJ must identify what testimony is credible and what testimony undermines the claimant's complaints, and make "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002). The ALJ may rely upon ordinary techniques of credibility evaluation in weighing the claimant's credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).

Plaintiff testified at the hearing that his back pain is almost constant and is aggravated by many activities of daily living including mowing the lawn, washing dishes, and vacuuming. Tr. 38. Plaintiff reported that he experiences numbness in his feet, problems with his hands, and pain in his neck as a result of his back problems. Tr. 40. Plaintiff stated these problems stem from a 1995 injury after which he was limited to lifting five pounds. Tr. 40. Since the injury, Plaintiff reported his symptoms have consistently worsened and that he can still only lift five pounds or less. Tr. 41. Plaintiff indicated that he can stand for

15 to 20 minutes at one time and can only sit for approximately 30 minutes at a time. Tr. 41. As to reaching limitations, Plaintiff testified that he cannot hold his arms straight out or above his shoulders.

Plaintiff reported that he worked full-time as a machinist from July of 2010 until January of 2011. Tr. 35. Plaintiff testified that in this work he stood for eight to ten hours per day, bent over, and loaded and unloaded machines. Tr. 36. Plaintiff reported that he had to take extensive pain medication to get through the day and was "dismissed" because he "couldn't take the pain of doing the job anymore." Tr. 36-37.

In his Adult Function Report dated July 26, 2009, Plaintiff reported his daily activities are to wake up, drink coffee, look for employment, and mow the lawn. Tr. 180. Plaintiff reported that he cannot bend, squat, run, stand, or sit. Tr. 181. Plaintiff indicated that he performs some household repairs, mows the lawn, and washes the dishes, although he cannot stand for long periods of time and some of these activities take longer than usual. Tr. 182. Plaintiff checked that his impairments affect his abilities to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, remember, complete tasks, concentrate, understand, use his hands, and get along with others. Tr. 185. As to his ability to walk, Plaintiff specified that he can walk approximately one-half of a mile before requiring 15 minutes of rest. Tr. 185.

8 - OPINION AND ORDER

As to his previous work, Plaintiff noted that he left his prior job because his supervisor would not give him a raise.  Tr. 186.

The ALJ partially discounted Plaintiff's testimony because the extent of his alleged limitations was inconsistent with reports of his activities of daily living as well as the performance of physically demanding work during the period of disability.  In addition, the ALJ rejected the severity of Plaintiff's alleged symptoms because they were inconsistent with the medical record and because Plaintiff did not follow through with prescribed treatment. I conclude these reasons, taken together, constitute clear and convincing reasons to reject the full extent of Plaintiff's testimony.

The ALJ reasonably discredited Plaintiff's testimony because it was inconsistent with Plaintiff's work as a machinist during the alleged period of disability, between July of 2010 and January of 2011.  Indeed, Plaintiff's own report that this work consisted of "[e]ight to ten hours a day standing and loading machines and unloading machines, bent over," is inconsistent with the allegation in his Function Report, which was completed before he performed this work, that he cannot bend or stand for extended periods.  Tr. 36, 181.  Indeed, Plaintiff's testimony about the performance of this work is internally inconsistent with other portions of his hearing testimony in which he alleged he cannot lift more than five pounds or stand for more than 15 to 20 minutes.  Tr. 41.

9 - OPINION AND ORDER

The ALJ also reasonably found that the medical record does not support Plaintiff's allegation that he left his most recent employment due to back pain.   Although Plaintiff continued to report back pain throughout this period of employment, the medical records most closely preceding the end of Plaintiff's employment suggest Plaintiff left his job for reasons other than back pain. On September 1, 2010, Plaintiff reported that while the work was hard on his back because he was standing a lot, he was in good spirits and hoping he could be hired on a more permanent basis. Tr. 352.   Throughout the course of this employment, Plaintiff reported continued back pain, and noted instances in which he thought it was exacerbated by the physical demands of his job, but also occasionally expressed optimism about the work and a desire to work more hours and on a permanent basis.   Tr. 340-52.

By December 30, 2010, however, Plaintiff reported that he no longer enjoyed the job, and the next week stated that he was dissatisfied with his pay and the lack of intellectual challenge at work.   Tr. 335-37.   On January 18, 2011, the same month Plaintiff testified he left his work, Plaintiff stated he was worried because he would "no longer be able to get overtime" and "plan[ned] to look for another job."   Tr. 334.   While Plaintiff did report using pain medication to help his back pain, the ALJ reasonably found that the medical record does not support Plaintiff's allegation that he left

10 - OPINION AND ORDER

his work during rhe alleged period of disability because he could not tolerate the physical demands of the job.

In sum, the ALJ's citation to Plaintiff's recent work at a physically demanding job is a compelling reason to discount Plaintiff's testimony.  Notably, the ALJ did not entirely reject Plaintiff's symptom testimony, but instead found that "evidence supports the conclusion that while the claimant does suffer from back pain, it does not prevent him from being able to perform all work activities."  Tr. 25.  The records concerning Plaintiff's work activity amply support this conclusion.

The ALJ also reasonably discounted Plaintiff's testimony because the objective medical record did not support the full extent of Plaintiff's alleged limitations.  On December 28, 2007, one of Plaintiff's treating physicians noted that Plaintiff's pain complaints were "out of proportion to exam."  Tr. 249.  In addition, the only specific reference in the record to imaging of Plaintiff's back contained generally mild findings.  Tr. 320. Finally, the ALJ reasonably found that Plaintiff's resistance to Dr. Henninger's recommendation that Plaintiff work on core muscle strengthening to help his back pain suggested that Plaintiff's back pain is not as severe as alleged.  Tr. 234.

I conclude the above reasons, taken together, constitute clear and convincing reasons to partially discredit Plaintiff's symptom allegations.  The ALJ properly weighed Plaintiff's testimony.

11 - OPINION AND ORDER

## II.  Dr. Henninger's Opinion

The Commissioner must provide clear and convincing reasons to reject the uncontradicted opinion of a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Where a physician's opinion is contradicted by that of another physician, the ALJ may reject the physician's opinion by providing specific and legitimate reasons supported by substantial evidence in the record. Id. "'The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

"'Where . . . the record contains conflicting medical evidence, the ALJ is charged with determining credibility and resolving the conflict.'" Id. (quoting Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003)). The ALJ is responsible for translating the claimant's medical conditions into functional limitations in the RFC. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). Ultimately, the RFC is sufficient if it is "consistent with restrictions identified in the medical testimony." Id.

On June 30, 2010, Dr. Henninger submitted an opinion and Physical Residual Functional Capacity Assessment. Dr. Henninger

12 - OPINION AND ORDER

reported that Plaintiff has severe back pain that prevents him from staying in one position for a long period of time.  Tr. 316.  Dr. Henninger opined that Plaintiff can lift 25 pounds occasionally and 10 pounds frequently, can stand or walk for 30 minutes at a time and a total of four hours in a workday, can sit for 45 minutes at a time for a total of four hours in a workday, but can never climb, balance, stoop or bend, kneel, crouch, or crawl.  Tr. 317.  Dr. Henninger reported that Plaintiff frequently suffers from pain and fatigue and occasionally suffered weakness.  Tr. 318.  As to Plaintiff's mental limitations, Dr. Henninger opined that Plaintiff is moderately impaired in concentration, persistence, or pace due to his pain.  Tr. 318.  As to absences from work, Dr. Henninger stated that Plaintiff would miss two or more days of work per month on account of Plaintiff's "frequent severe back pain."  Tr. 319.

Dr. Henninger's opinion was contradicted by the opinion of Dr. Berner, the reviewing physician who opined Plaintiff could sit, stand, and walk for a total of six hours in an eight-hour workday, and could occasionally climb, stoop, crouch, and crawl, and frequently balance and kneel.  Tr. 286-93.  Accordingly, the ALJ was required to cite specific and legitimate reasons to reject Dr. Henninger's opinion.  Lester, 81 F.3d at 830-31.

The ALJ gave Dr. Henninger's opinion only limited weight, but nonetheless incorporated the majority of Dr. Henninger's opined limitations into the RFC.  The ALJ rejected the portions of Dr.

Henninger's opinion inconsistent with the RFC because the opinion was inconsistent with Plaintiff's subsequent work record. Indeed, Dr. Henninger's opinion that Plaintiff would miss two or more workdays per month on account of his back pain is inconsistent with Plaintiff's record of working more than full-time for seven months, beginning the month after Dr. Henninger submitted her opinion. Moreover, Dr. Henninger's opinion that Plaintiff could only sit and stand for four hours per day, respectively, is inconsistent with Plaintiff's testimony that he stood for 8 to 10 hours per day in his subsequent work as a machinist. Tr. 36. Thus, the ALJ readily cited specific and legitimate reasons for the limited extent to which he rejected Dr. Henninger's opinion. I conclude the ALJ properly weighed the medical testimony.

III. **Sufficiency of the RFC**

Plaintiff argues the ALJ's RFC findings were not sufficiently specific because the ALJ failed to explicitly set maximum limits for the amount Plaintiff could stand and walk in an eight-hour workday, and failed to include limitations based on Plaintiff's hearing loss and concentration limitations in the RFC. Plaintiff's arguments are without merit.

Contrary to Plaintiff's suggestion, the ALJ did include maximum limits for walking and standing in the RFC. The ALJ limited Plaintiff to a range of light work with a series of exceptions further limiting Plaintiff, including Plaintiff's

14 - OPINION AND ORDER

ability to stand or walk at one time.  As to the maximum amount

Plaintiff can walk in a full workday, however, the definition of

"light work" provides that "the full range of light work requires

standing or walking, off and on, for a total of approximately 6

hours in an 8-hour workday."  SSE 83-10, available at 1983 WL

31251, at *6.  Thus, the ALJ's limitation of Plaintiff to light

work implicitly limited Plaintiff to standing or walking a maximum

of six hours in an eight-hour day.  Within that limitation, the ALJ

further limited Plaintiff to walking no more that two blocks, or

standing with allowance for shuffling for 30 minutes, at one time.

The RFC was sufficiently specific as to Plaintiff's standing and

walking limitations.

Plaintiff next argues that the ALJ failed to specify

limitations with respect Plaintiff's hearing loss or concentration

deficits.  The ALJ, however, included a "complete loss of hearing

in his left ear," and a "moderate impairment" in the ability to

"maintain focus [or] attention" in the RFC.  Tr. 23-24.  With

respect to the limitation in maintaining focus or attention, the

ALJ simply included Dr. Henninger's opinion that Plaintiff would be

moderately limited in concentration, persistence, or pace in the

RFC.  Tr. 318.  Thus, the ALJ's inclusion of the moderate

impairment in the ability to maintain focus or attention is

appropriate because it is clearly "consistent with restrictions

15 - OPINION AND ORDER

identified in the medical testimony."[1]   See Stubbs-Danielson, 539 F.3d at 1174.  Similarly, the limitation regarding Plaintiff's loss of hearing in his left ear is consistent with the record evidence concerning Plaintiff's left ear limitations.   Accordingly, I conclude the ALJ's RFC set forth sufficiently specific limitations based on substantial evidence in the record.

## IV.   Step Four Finding

At Step Four, "the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1166 (9th Cir. 2008)(quoting Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002)).  The ALJ found Plaintiff is capable of performing his past relevant work as a Printer Repair Technician and Office Equipment Repairer as both actually and generally performed.  Tr. 26.

Plaintiff's only argument with respect to the "generally performed" finding is that the finding is erroneous based on the errors in the RFC discussed above.   Because I have rejected Plaintiff's arguments with respect to the ALJ's consideration of Plaintiff's testimony, Dr. Henninger's opinion, and specificity of

---

[1] Dr. Henninger's check-the-box notation that Plaintiff is moderately limited in this respect is the most specific discussion of Plaintiff's concentration limitations in the medical record.  Tr. 318.  Accordingly, Plaintiff's argument that the ALJ should have been more specific in his discussion of Plaintiff's concentration limitations in the RFC is without merit.

the RFC, I also conclude that the ALJ's Step Four finding with respect to whether Plaintiff can perform past relevant work as generally performed was not in error.   Because the ALJ properly found Plaintiff can perform his past relevant work as generally performed in the national economy, any error in his consideration of whether Plaintiff can perform his past relevant work as actually performed would be harmless.   <u>Rodgers ex rel. Rodgers v. Astrue</u>, No. 11-cv-0095-TC, 2012 WL 681624, at *3 (D. Or. Jan. 25, 2012); <u>See also</u> <u>Carmickle</u>, 533 F.3d at 1166.   Accordingly, I conclude the ALJ did not commit harmful error at Step Four.

## CONCLUSION

For the foregoing reasons, the decision of the ALJ is AFFIRMED.

IT IS SO ORDERED.

DATED this _2 7_ day of May, 2014.

Malcolm F. Marsh
United States District Judge

17 - OPINION AND ORDER